IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IN RE:  RUSSELL GLENN HURST,                         CASE NO.  6:06-bk-71571M
                                                                (CHAPTER 13)
        Debtor.

RUSSELL GLENN HURST                                   PLAINTIFF

VS.                          AP NO. 6:06-ap-07138

U.S. BANK                                             DEFENDANT

<u>MEMORANDUM OPINION</u>

On July 27, 2006, Russell Glenn Hurst ("Debtor") filed for relief under the provisions of Chapter 13 of the United States Bankruptcy Code.  The schedules, prepared by Kathy A. Cruz, Attorney, list U.S. Bank as an unsecured, nonpriority creditor on Schedule F.  The schedules state that U.S. Bank's claim, incurred in 2004, is a purchase money debt in the amount of $35,265.00.  Under the heading "remarks" the schedules state that "[t]he approximate amount owed is listed as authorized by the U.S. Court's Administrative Office.  Credit Service - disputed as to the amount of late fees, over limit fees, interest fees, late charges, or any other additional fees or charges."

On September 9, 2006, the Debtor commenced this adversary proceeding against U.S. Bank.  The complaint alleges that U.S. Bank filed a proof of claim in the bankruptcy case on or about September 15, 2006, for $24,660.30, alleging that the claim was secured by a security interest in a 2005 Dodge truck.  The complaint asks for "redress and damages" for U.S. Bank's violation of the automatic stay pursuant to 11 U.S.C. § 362, alleging U.S. Bank filed a claim that

was false because "the collateral forming the basis of the secured allegation is in, or was in possession, of the creditor and did not become part of the bankruptcy estate . . . ."

The complaint stated that the Debtor, as a result of the false claim, has suffered emotional distress, was deprived of his fresh start, and is entitled to actual damages of $5,000.00, costs and attorney's fees. The complaint also seeks an injunction against U.S. Bank from "attempting to take further actions to collect this debt as a secured debt."

U.S. Bank filed a timely answer and, on October 18, 2006, filed a motion for summary judgment together with supporting exhibits and a brief. The Debtor timely responded to the motion for summary judgment and attached a supporting affidavit in opposition to the motion for summary judgment.

A hearing on the motion for summary judgment was held in Hot Springs, Arkansas, on October 31, 2006, and the matter was taken under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court may enter a final judgment in this case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

I.

Facts

U.S. Bank's affidavit in support of its motion for summary judgment explains the sequence of events leading to the filing of the adversary proceeding. These facts are not controverted by the Debtor in any coherent way.

Prior to bankruptcy, a Dodge truck, U.S. Bank's collateral, was repossessed on June 26, 2006. The truck was sold by U.S. Bank on July 26, 2006 for $11,000.00, leaving a deficiency claim of $25,327.74 including expenses and attorney's fees. (Ex. B.)  The Debtor filed his bankruptcy petition on July 27, 2006.  On August 3, 2006, U.S. Bank sent a report of sale to the Debtor showing the proceeds of the sale and the balance due. (Ex. C.)  U.S. Bank had no knowledge on August 3, 2006, that the Debtor had filed his petition for bankruptcy on July 27, 2006. (Ex. C.)  U.S. Bank received notice of the filing of the bankruptcy sometime between August 4, 2006, and August 7, 2006. (Ex. A.)

The affidavit of Maria Thompson states that she filed a proof of claim in the Debtor's bankruptcy on September 5, 2006, erroneously designating the claim as secured.  In her affidavit, she acknowledged the claim should have been listed as unsecured. (Ex. E.) U.S. Bank filed an amended claim on October 3, 2006. (Ex. D.)  The amended claim is listed as unsecured and is in the amount of $25,237.74. (Ex. D.)  The original claim is not part of the record and it is unclear whether the original claim and the amended claim were in the same amount.

The Debtor attached an affidavit to his response to the motion for summary judgment, which does not dispute any of U.S. Bank's exhibits and affidavits.  The Debtor acknowledges receiving a deficiency notice from U.S. Bank, but states that the amounts on U.S. Bank's claim do not match the amounts on the deficiency notice.  The affidavit does not state how much the deficiency was.  The Debtor's affidavit also does not mention any emotional damage.  The Debtor offers no affidavit or other evidence of damages.  The Debtor's affidavit concludes that he is

confused by the figures in the two proofs of claim, and he would like the bank to explain "how much I really owe the bank."

II

Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. Iowa Coal Mining Co. v. Monroe County, 257 F.3d 846, 852 (8th Cir. 2001); Fed. R. Civ. P. 56 (c). The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The burden is on the moving party to set forth the basis of its motion. Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The Court must view all facts and inferences in the light most favorable to the nonmoving party. Donovan, 289 F.3d at 529 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

However, "[w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth specific facts that raise a genuine issue of fact for trial." Scherr Const. Co. v. Greater Huron Dev. Corp., 700 F.2d 463, 465 (8th Cir. 1983) (quoting Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

The party moving for summary judgment does not bear the burden of proof at trial; however, the party must demonstrate that there is an absence of evidence to support the non-moving party's case.  Buck v. F.D.I.C., 75 F.3d 1285, 1289 (8th Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  "If the moving party satisfies this requirement, the burden shifts to the non-movant who must set forth specific facts showing that there is a genuine issue for trial."  Buck, 75 F.3d at 1289 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

To establish a genuine issue of fact sufficient to warrant trial, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., 475 U.S. at 586.  Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial.  Anderson, 477 U.S. at 248.

III

Discussion

The Debtor's argument set out in his response is difficult to follow.  The first four pages of the response contain a diatribe about the recent amendments to the Bankruptcy Code.  The response then states, "[a]n adversary complaint was warranted and necessary due to the unexplained discrepancies in the proof of claim," and a substantial portion of the response is addressed to this issue.  The balance of the response is simply incoherent.  It addresses various subjects such as the Debtor's fee agreement, debt relief agencies, use of after-hour recording devices, residency requirement for claiming homestead, Arkansas usury law, U.S. Bank's reservation in its pleadings to file a Rule 9011 complaint, and comments concerning the case of In re Dove Nation, "which precludes counsel from filing an objection to a claim without concrete

5

proof." 318 B.R. 147 (B.A.P. 8th Cir. 2004). In short, the response establishes beyond any reasonable doubt that the adversary proceeding is frivolous. The Debtor does not and cannot make a valid argument that the filing of a proof of claim, even when incorrect, violates the automatic stay set out in 11 U.S.C. § 362.

Therefore, the motion for summary judgment is granted in favor of the U.S. Bank and the complaint is dismissed. A separate judgment consistent with this Memorandum Opinion will be entered pursuant to Federal Rule of Bankruptcy Procedure 7052.

IT IS SO ORDERED.

_____
HON. JAMES G. MIXON
DATE: 12/15/06

cc: Kathy A. Cruz, Esq.
    Frank Falkner, Esq.
    Debtor